IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Ramie Koji Fleming, # 296755, a/k/a<br>Ramie K. Fleming,<br><br>    Plaintiff,<br><br> vs.<br><br>Nikki R. Haley, Governor; William R.<br>Byars, Jr., Director of SCDC; Robert E.<br>Ward, Acting Director of SCDC,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C/A No.: 1:11-2873-RBH-SVH<br><br><br><br><br>ORDER |

  Plaintiff, proceeding *pro se*, filed this action alleging violations of 42 U.S.C. § 1983.[1] Specifically, Plaintiff claims in his complaint that the South Carolina Department of Correction ("SCDC") miscalculated his "max out" date. Pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), all pretrial proceedings in this case have been referred to the undersigned.

  Plaintiff's complaint, filed October 25, 2011, argues that his correct release date was November 26, 2011, but that the SCDC did not plan to release him until December 1, 2011. [Entry #1 at 3]. Plaintiff's complaint requests that the court determine the correct

---

[1] The court notes that "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983." *Heck v. Humphrey*, 512 U.S. 477, 481 (1994). However, given the current procedural posture of this case, the court does not yet make a recommendation regarding whether Plaintiff's claim was properly filed.

release date and requests financial compensation for every day unlawfully detained. *Id*. at 4.

It appears that Plaintiff has since been released from SCDC custody[2] and his claim for release may now be moot. However, Plaintiff has failed to provide the court with a new address. As a result, neither the court nor Defendants have any means of contacting him concerning his case. Additionally, the court has no information concerning when Plaintiff was actually released in order to determine whether he was detained unlawfully.

Based on the foregoing, Plaintiff is ordered to advise the court by January 26, 2012 as to whether he wishes to continue with this case and to provide an updated address. The Clerk is directed to send this order to Plaintiff at his last known address. Plaintiff is further advised that if he fails to respond, this action will be recommended for dismissal with prejudice for failure to prosecute. *See Davis v. Williams*, 588 F.2d 69, 70 (4th Cir. 1978); Fed. R. Civ. P. 41(b).

IT IS SO ORDERED.

January 12, 2012                                   Shiva V. Hodges
Columbia, South Carolina                    United States Magistrate Judge

---

[2] A search of SCDC incarcerated inmates on https://sword.doc.state.sc.us/scdc-public/ reveals no information for Plaintiff's location or otherwise reflect that he is still in the custody of the SCDC.