IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| Ramie Koji Fleming, # 296755, a/k/a Ramie K. Fleming, | ) ) ) | C/A No.: 1:11-2873-RBH-SVH |
| Plaintiff, | ) ) | |
| vs. | ) ) ) | REPORT AND RECOMMENDATION |
| Nikki R. Haley, Governor; William R. Byars, Jr., Director of SCDC; Robert E. Ward, Acting Director of SCDC, | ) ) ) ) | |
| Defendants. | ) ) | |

Plaintiff, proceeding pro se,[1] filed this action alleging violations of 42 U.S.C. § 1983. Specifically, Plaintiff claims in his complaint that the South Carolina Department of Corrections ("SCDC") miscalculated his "max out" date. All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2)(d) (D.S.C.). Because this is a dispositive motion, this report and recommendation is entered for review by the district judge.

Plaintiff's complaint, filed October 25, 2011, argues that his correct release date was November 26, 2011, but that the SCDC did not plan to release him until December 1, 2011. [Entry #1 at 3]. Plaintiff's complaint requests that the court determine the correct release date and requests financial compensation for every day unlawfully detained. *Id.* at 4.

---

[1] Plaintiff has requested to proceed without prepaying the filing fee by filing an Application to Proceed without Prepayment of Fees and Affidavit (Form AO-240) which is construed as a Motion for Leave to Proceed *in forma pauperis*. Based on a review of the motion, Petitioner's request to proceed *in forma pauperis* is granted.

It appears that Plaintiff has since been released from SCDC custody[2] and his claim for release and possible compensation may now be moot.  However, Plaintiff has failed to provide the court with a new address.     The court entered an order on January 12, 2012, directing Plaintiff to advise the court by January 26, 2012, as to whether he wished to continue with this case and to provide the court with an updated address.  [Entry #13].  The January 12, 2012 order was returned as undeliverable to the Clerk of Court's office via United States Postal Service on January 23, 2012.  [Entry #16].  Plaintiff has failed to apprise the court of his current address, and as a result, the court has no means of contacting him concerning his case.

Based on the foregoing, it is recommended that this action be dismissed with prejudice, in accordance with Fed. R. Civ. P. 41(b).  The Clerk is directed to send this report and recommendation to Plaintiff at his last known address.

If Plaintiff notifies the court within the time set for filing objections to this report and recommendation that he wishes to continue with this case and provides a current address, the Clerk is directed to vacate this report and recommendation and return the file to the undersigned for further handling.  If, however, no objections are filed, the Clerk shall forward this report and recommendation to the district judge for disposition.

---

[2] A search of SCDC incarcerated inmates on https://sword.doc.state.sc.us/ scdc-public/ reveals no information for Plaintiff's location or otherwise reflect that he is still in the custody of the SCDC.

IT IS SO RECOMMENDED.

*Shiva V. Hodges*

January 24, 2012                          Shiva V. Hodges
Columbia, South Carolina                  United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).